IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ARTHUR J. GRAHAM,
    Plaintiff,

vs.                                  CASE NO.: 5:07cv198/RH/MD

MICHAEL J. ASTRUE
Commissioner of Social Security,
    Defendant.
_____

**REPORT AND RECOMMENDATION**

    This case is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claim for benefits. Pending is the defendant's motion to remand pursuant to sentence four of § 405(g) (doc. 11). The plaintiff does not oppose the motion according to the certification of the defendant.

    Pursuant to sentence four of 42 U.S.C. § 405(g), the court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." The Commissioner of Social Security states that remand is appropriate to direct an Administrative Law Judge to perform a proper step two determination, considering in particular plaintiff's mental impairment which noted but was not found to be a "severe" impairment. The ALJ will also be directed to perform a proper step four determination, paying particular attention to whether plaintiff's past work was performed at the substantial gainful activity level. If necessary, the ALJ will proceed to step five of the sequential evaluation process to determine whether

there is other work an individual with plaintiff's residual functional capacity can perform. Good cause has been shown for remand.

Accordingly, it is RECOMMENDED as follows:

1. That the defendant's motion to remand (doc. 11) be GRANTED and the Commissioner's decision denying benefits be REVERSED.

2. That this case be remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3. That defendant be ordered to direct the Administrative Law Judge to perform a proper step two determination, considering in particular plaintiff's mental impairment which noted but was not found to be a "severe" impairment. The ALJ will also be directed to perform a proper step four determination, paying particular attention to whether plaintiff's past work was performed at the substantial gainful activity level. If necessary, the ALJ will proceed to step five of the sequential evaluation process to determine whether there is other work an individual with plaintiff's residual functional capacity can perform.

4. That the clerk be directed to enter judgment for plaintiff and close the file.

DONE AND ORDERED this 1st day of November, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and al other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 5:07cv198/RH/MD